UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-454-GNS

GINA BOOTH et al.                                                          PLAINTIFFS

v.

BLUE WORLD POOLS, INC.                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint. (Pls.' Mot. for Leave to File First Am. Compl., DN 11). The motion has been fully briefed and is ripe for a decision. For the reasons stated below, the Court **GRANTS** the motion.

## I.      BACKGROUND

Plaintiffs filed their complaint against Defendant Blue World Pools, Inc. ("BWP") in Jefferson Circuit Court. (Compl. 1, DN 1-1). On June 5, 2015, BWP removed the action to this Court on the basis of Plaintiffs' Truth in Lending Act claim and supplemental jurisdiction over Plaintiffs' remaining state law claims, as well as diversity jurisdiction. (Notice of Removal 2-7, DN 1).

On June 8, 2015, BWP filed a Petition to Compel Arbitration and Stay Proceedings, alleging that each of the Plaintiffs had signed, as part of their contracts for the purchase of an above-ground pool from BWP, comprehensive arbitration provisions. (Def.'s Mem. of Law in Supp. of its Pet. to Compel Arbitration and Stay Proceedings 2-11, DN 5-1 [hereinafter Def.'s Mem. of Law in Supp.]). BWP argues that the presence of the arbitration provision in each

contract necessitates that this Court stay these proceedings and order the parties to arbitrate. (Def.'s Mem. of Law in Supp. 12-20).

On July 13, 2015, Plaintiffs filed their Motion for Leave to File First Amended Complaint. (Pls.' Mot. for Leave to File First Am. Compl.). Plaintiffs seek to add three additional plaintiffs and one of the additional plaintiffs asserts a claim under KRS 360.010 that the existing plaintiffs have not asserted. (Pls.' Mot. for Leave to File First Am. Compl.). BWP has responded to the motion (Def.'s Resp. in Opp'n to Pls.' Mot. for Leave to File First Am. Compl., DN 14 [hereinafter Def.'s Resp.]) and Plaintiffs' have replied in support of their motion (Pls.' Reply to Def.'s Resp. to Pls.' Mot. for Leave to File First Am. Compl., DN 16 [hereinafter Pls.' Reply]). The motion is thus ripe for adjudication.

## II.    <u>JURISDICTION</u>

Plaintiffs allege claims arising under the Truth in Lending Act, 15 U.S.C. §§ 1601-1616. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As to Plaintiffs' state-law claims, the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This Court also has jurisdiction over this matter as it has original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

## III.    <u>DISCUSSION</u>

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave," and dictates that "[t]he Court should

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent certain reasons— "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

BWP argues that "[a]dding the proposed plaintiffs at this time serves no purpose," as the added plaintiffs are irrelevant to the pending motion to compel arbitration. (Def.'s Resp. 2). BWP also argues that "the proposed plaintiffs would suffer no prejudice from not being joined before the ruling" on the motion to compel arbitration. (Def.'s Resp. 2).

Plaintiffs explain that in filing their motion, they "intended for the Court to not have to consider the arbitration issue a second time." (Pls.' Reply 3). They also argue that "[i]f [the additional plaintiffs] are forced to proceed in a separate lawsuit, they will be required to expend additional and unnecessary costs and expenses." (Pls.' Reply 3).

BWP has not alleged a reason for the Court to deny the motion that is either listed in *Foman* or rises to the level of those enunciated in *Foman*. Accordingly, the Court must grant Plaintiffs leave to amend as such leave should be freely given. BWP points out, however, that Plaintiffs' response to BWP's Petition to Compel Arbitration and Stay Proceedings includes arguments and factual assertions pertaining to the additional plaintiffs, and that BWP has not had an appropriate opportunity to reply to those assertions and arguments. (Def.'s Reply Mem. of Law in Supp. of its Pet. to Compel Arbitration and Stay Proceedings 2-4, DN 13). Accordingly, the Court will allow BWP an opportunity to amend or supplement its petition.[1]

---

[1] As Plaintiffs acknowledge in their motion, the Court's ruling on the pending Motion to Compel Arbitration (DN 5) "shall apply with equal force to Mr. Curry, and Mr. and Ms. Kessinger." (Pls.' Mot. for Leave to File First Amended Compl. 1).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint (DN 11) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 28, 2015

cc:      counsel of record

4